UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIN JAMES, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE WALT DISNEY COMPANY,<br><br>　　　　　Defendant. | Case No. 23-cv-02500-EMC   (EMC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL WITHOUT PREJUDICE**<br><br>Docket No. 35 |

　　　　Plaintiffs Amin James and David Sevesind (collectively, "Plaintiffs") have filed a class action against Defendant The Walt Disney Company ("Disney"). Plaintiffs assert that their privacy rights, as protected by Pennsylvania and California statutory law, have been violated because there is Oracle software embedded in Disney's ESPN.com website that captures and collects data as individuals use the website. Previously, the Court denied in part Disney's motion to dismiss for lack of standing and failure to state a claim for relief. *See* Docket No. 30 (order). Disney now asks that the Court certify its order for interlocutory appeal, largely because of the issue of standing. *See* Not. at 2. Having considered the parties' briefs as well as the oral argument of counsel, the Court hereby **DENIES** Disney's motion but without prejudice.

　　　　Title 28 U.S.C. § 1292(b) governs interlocutory appeals. It provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that [1] such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it

> within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

The Ninth Circuit has commented on the three § 1292(b) factors as follows:

> A controlling question of law must be one of law – not fact – and its resolution must "materially affect the outcome of litigation in the district court."
>
> The "substantial grounds" prong is satisfied when "novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions."  For example, this prong is satisfied if "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."  However, the district court need not "await[] development of contradictory precedent" before concluding that the question presents a "substantial ground for difference of opinion."
>
> Finally, the "materially advance" prong is satisfied when the resolution of the question "may appreciably shorten the time, effort, or expense of conducting" the district court proceedings.

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130-31 (9th Cir. 2022).

Although the parties have essentially glossed over the first factor, it is the biggest obstacle to certification.  Disney argues that the controlling question of law is as follows: "Has a plaintiff suffered a concrete injury-in-fact, sufficient to create Article III standing, where a company allegedly collects information about a plaintiff's browsing history, search history, and purchase behavior?"  Reply at 1.  Although the motion to dismiss based on the pleading raises a legal question, *see* Docket No. 30 (Order at 9) ("Plaintiffs have made sufficient allegations to create a question of fact as to whether there is sufficiently personal information to support standing."), the ultimate question of Article III jurisdiction may turn on a full assessment of the facts, including precisely what information is collected and what is done with the information.

Where complete facts are in need of development, certification under § 1292(b) is not appropriate.  *See, e.g.*:

- *S.B.L. by T.B. v. Evans*, 80 F.3d 307, 311 (8th Cir. 1996) (concluding that permission to appeal under § 1292(b) should not have been given because "there

are a 'number of unresolved factual issues bearing on the framing and formulation of the legal questions'");

- *Palandjian v. Pahlavi*, 782 F.2d 313, 313 (1st Cir. 1986) (noting that "the question of whether Massachusetts would recognize the principle of duress as tolling the statute would be a good example of a 'controlling question of law' [b]ut the question of the extent of such an exception is a classic example of what is not to be raised by intermediate appeals" because "[i]t resembles a 'sufficiency of the evidence' claim – the kind of claim which an appellate court can better decide after the facts are fully developed");

- *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 407 (8th Cir. 1979) (stating that "even if the Sherman section 2 issue is the determinative one in this lawsuit, the issue is such that the record must be more fully developed so that we can make a precise decision upon a precise record not an abstract answer to an abstract question[;] [a] more complete factual and legal development in the district court would enable this court to give a better-reasoned and more sound response to the Sherman section 2 question").

- *Sydney Ji v. Naver Corp.*, No. 21-cv-05143-HSG, 2024 U.S. Dist. LEXIS 11933, at *7-8 (N.D. Cal. Jan. 23, 2024) (stating that what defendants "ultimately take issue with is how the Court applied controlling Supreme Court and Ninth Circuit standing standards to the particulars of this case's (alleged) facts" and "[t]hat district courts may reach different conclusions when applying these standards to unique factual scenarios is unremarkable, and does not necessitate an immediate appeal"; adding that, "[i]f warranted, Defendants can reassert their standing arguments in a summary judgment motion once an actual factual record is developed").

- *Johnson v. PG Publ. Co.*, No. 2:20-cv-885-NR, 2021 U.S. Dist. LEXIS 173925, at *3-4 (W.D. Pa. Sept. 14, 2021) (noting that "[t]he Court's order turned on its understanding and interpretation of the facts alleged in the complaint[;] [p]ut

simply, the Court did not reject PG Publishing's First Amendment legal arguments – the Court only concluded that the factual record first needed to be developed").

- *Cousineau v. Microsoft Corp.*, No. C11-1438-JCC, 2012 U.S. Dist. LEXIS 179197, at*4 (W.D. Wash. Aug. 22, 2012) (noting that "[c]ourts regularly decline to exercise their discretion to certify an interlocutory appeal where the development of a factual record would likely aid the appellate court in its consideration of the legal questions presented[;] [s]imilarly, the Court here finds that interlocutory appeal in this case is inappropriate because it would present the Ninth Circuit with legal questions that are best considered with the benefit of a fully developed factual record").

- *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1092 (E.D. Cal. 2008) (stating that the controlling question for interlocutory appeal "must present a clear-cut question of law against a background of established facts").

In the case at bar, the exact nature of, *e.g.*, Plaintiffs' browsing history, search history, and purchase behavior is undeveloped. For example, purchase behavior could include financial data from banks or credit cards – which even the district court in *BPS*, the main case cited by Disney, indicated could be a basis for standing. *See In re BPS Direct, LLC*, MDL No. 3074, 2023 U.S. Dist. LEXIS 216728, at *6 (E.D. Pa. Dec. 5, 2023) ("Two website users focusing on session replay software and the Pennsylvania Facebook user generally plead they purchased products from a retailer's website. But even these three website users do not plead the retailers shared highly sensitive personal information such as medical diagnosis information or financial data from banks or credit cards."). Furthermore, because the complaint indicates that the categories listed are not exhaustive, the scope of information collected has yet to be crystalized. Moreover, whether information is simply collected or instead collected and disclosed, or how information is used, might also factor into the privacy calculus. *Cf. Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 995-96 (9th Cir. 2023) (stating that the "identifying information [at issue] is . . . a far cry from the types of information that we have held are so sensitive that another's retention of the

4

1  information is analogous to tortious conduct").

2  Accordingly, the Court hereby denies Disney's motion to certify an interlocutory appeal.
3  However, it denies the motion without prejudice.  Disney's position that guidance from the Ninth
4  Circuit would be helpful (given that "[c]ourts around the country are [being] inundated with
5  cookie-cutter lawsuits alleging violations of state and federal statutes based on the use of
6  commonplace web tracking technologies," Reply at 2) warrants consideration.  But the outcome of
7  the litigation would be more materially advanced if the court were to establish the full set of
8  relevant facts on which to base the determination whether there is sufficient Article III injury,
9  especially if that determination is fact intensive.

10  The Court, therefore, defers consideration of certification under Section 1292(b) and
11  instead permits the parties to take narrowly tailored discovery focused on the scope of information
12  collected and what is done with that information.  Following that limited discovery, Disney may
13  (if it wishes) file an early motion for summary judgment on standing.

14  The parties are ordered to meet and confer to determine the scope of the focused, narrowly
15  tailored discovery to be permitted.  The Court is not endorsing here all of the discovery suggested
16  by Plaintiffs at the hearing; discovery should be, as stated above, narrowly focused.  Written
17  discovery may well suffice for this purpose.  The motion for certification of an interlocutory
18  appeal is denied without prejudice.

19  This order disposes of Docket No. 35.

21  **IT IS SO ORDERED**.

23  Dated: February 16, 2024

_____
EDWARD M. CHEN
United States District Judge